DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Mark Ferreira, was convicted of two counts of robbery. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On August 16, 2004, appellant entered guilty pleas to two counts of robbery. He signed a written plea agreement which stated in pertinent part:
 {¶ 3} "State agrees to amend original charges of F-2 robbery on count 2 3 to F-3 robbery. State recommends concurrent time [with a] cap of 4 years. State will not oppose judicial release after 6 months. Defendant will then be sentenced 6 months [Correctional Treatment Facility]."
 {¶ 4} Appellant was sentenced to four years in prison. On March 11, 2005, appellant's motion for judicial release was granted. He was placed on community control for five years. On March 21, 2005, appellant was arrested for domestic violence and assault. A community control violation hearing was held and appellant's community control was continued on May 16, 2005. Appellant again violated his community control, and on December 1, 2005, he was sent back to prison.
 {¶ 5} On March 28, 2006, appellant filed a "motion for specific performance of plea agreement." In his motion, appellant pointed out that after being granted judicial release in 2005, he was placed on community control as opposed to being sent to a correctional treatment facility per his signed 2004 plea agreement. Appellant asked the court to honor the terms of the plea agreement and send him to a correctional treatment facility. The court denied appellant's motion and appellant now appeals setting forth the following assignments of error:
 {¶ 6} "I. The trial court abused it's discretion by stating on the record that it had accepted the plea agreement entered by the prosecution and defense-which required a subsequent sentence at a specified time to c.t.f. — and then later absolving itself of the most `beneficial' promise in the agreement by excising the condition that the defendant by sentenced to c.t.f. drug treatment program. Notwithstanding, the trial court was the only means the defendant could have received this benefit contained in the plea agreement.
 {¶ 7} "II. The trial court violated the defendant's right to `due process' by accepting the very definitive condition in the contract plea agreement that `the defendant will then be sentenced to six months c.t.f' — this being an essence of time condition in the plea agreement to be imposed immediately after six months in the plea agreement to be imposed immediately after six months in prison, and by the very nature and spirit of the agreement prior to being subject to probation a nod possible revocation of the same, and unquestionably prior to being returned to prison — and at no point sentencing the defendant to c.t.f.
 {¶ 8} "III. The trial court abused its discretion when it considered the plea agreement fulfilled without imposing conditions that were contained in the agreement that possibly would have burdened the court in terms of sentencing, but would have been more conducive to rehabilitation, which increases personal and public safety and well being, and affirm the reputation of the court.
 {¶ 9} "IV. The asst. Prosecutor breached the plea agreement by opposing the defendant's motion for judicial release despite the promise in the plea agreement not to oppose release to c.t.f.
 {¶ 10} "V. The trial court abused its discretion when it denied the defendant's motion for specific performance and request for an evidentiary hearing where he cited a clear and obviously breach, without ordering that an evidentiary hearing be held to determine the cause, fault, and possible remedy to breach."
 {¶ 11} In appellant's five assignments of error, he contends that the terms of his plea agreement were breached when the state opposed his motion for judicial release and when the court failed to send him to a community treatment facility in lieu of community control.
 {¶ 12} Initially we note that the record shows the state ultimately withdrew its objection to appellant's motion for judicial release.
 {¶ 13} A plea agreement is generally "contractual in nature and subject to contract-law standards." State v. Butts (1996),112 Ohio App.3d 683, 686, State v. Namack, 7 Dist. No. 01BA46, 2002-Ohio-5187, ¶ 25. The elements of a breach of contract claim are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.Doner v. Snapp (1994), 98 Ohio App.3d 597, 600.
 {¶ 14} There is no dispute that the court failed to place appellant in a community treatment facility per the terms of the plea agreement. Viewing appellant as a "plaintiff" to a breach of contract claim, we fail to see how appellant suffered damage or loss because of the breach. By placing appellant on community control, the court granted appellant significantly more freedom that he would have experienced in a community treatment facility where he would be confined. Moreover, we note that appellant did not object to being placed on community control after his motion for judicial release was granted. Accordingly, appellant's five assignments of error are found not well-taken.
 {¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Parish, J. Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.