DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Mark Ferreira, appeals the revocation of his community control and asserts the following assignment of error: *Page 2 
 {¶ 2} "The trial court erred in revoking Mr. Ferreira's community control where Mr. Ferreira neither admitted to a violation of community control nor waived oral hearing, in violation of his right to due process."
 {¶ 3} On August 16, 2004, appellant pled no contest to and was found guilty of two counts of robbery in violation of R.C. 2911.02(A)(3). Both are felonies of the third degree. He was sentenced to four years in prison on each count, with his sentences to be served concurrently. On March 4, 2005, appellant filed a motion for judicial release. Appellant's motion was granted on April 7, 2005. The trial court placed appellant on community control for five years. Conditions imposed on Ferreira's community control were: (1) seek and maintain employment; (2) submit to urinalyses; (3) pay any court-ordered child support; and (4) pay the costs of supervision, confinement, assigned counsel, and prosecution.
 {¶ 4} In April 2005, appellant was notified of a community control violation. After holding a hearing, the trial court continued appellant's community control.
 {¶ 5} Appellant, however, committed a second community control violation in August 2005. See State v. Ferreira, 6th Dist. No. L-06-1136, 2006-Ohio-6060, ¶ 4. On October 26, 2005, the trial court held a hearing on the alleged violation(s). At that hearing, appellant and his attorney indicated that one of the violations consisted of appellant's failure to report to his probation officer. Because it appeared that appellant's brother had committed an offense that was being attributed to appellant, the trial court continued the case until such time that appellant's probation officer updated his report on *Page 3 
appellant. Ferreira asked the common please court judge to allow him to speak before he was sentenced, and the court assured him that he would be given that opportunity.
 {¶ 6} On November 9, 2005, the common pleas court held a second community control revocation/sentencing hearing. Appellant was permitted to speak and asked the judge to allow him to complete a drug/alcohol program before the court determined whether to revoke his community control. Specifically, appellant stated:
 {¶ 7} "It's basically what has been said. I took these actions before this court violated [sic] me and was working with my PO at this time to make amends for my indiscretion while on probation and in fact did accomplish those things and would ask only to be allowed to complete what I had started while on probation."
 {¶ 8} After appellant spoke, the judge asked the prosecution and appellant's attorney if they could offer any reason that he should not proceed to sentencing immediately. Both replied "No." The judge then ordered appellant to serve the remainder of his four year sentence in prison. In his written judgment entry, the court noted that appellant admitted that he violated a community control condition and waived an oral hearing. The judge further stated that he considered the probation officer's reports in rendering his decision.
 {¶ 9} In his sole assignment of error, appellant contends that he was not afforded due process during the revocation proceedings because he never admitted that he violated any condition of his community control and did not expressly waive his right to a hearing. *Page 4 
 {¶ 10} A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. Gagnon v. Scarpelli (1973), 411 U.S. 778, 786. The due process rights which must be observed in a probation revocation hearing are: (1) written notice of the claimed violations of [community control]; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking [community control]. Id., quoting Morrissey v.Brewer (1972), 408 U.S. 471, 489. Nonetheless, a defendant who fails to timely object to a court's alleged due process violation during a community control violation hearing waives error. State v. Foster, 6th Dist. Nos. L-06-1126, L-06-1229, 2007-Ohio-1867, ¶ 12 (Citations omitted.). Consequently, we must review appellant's lack of due process allegations under a plain error standard. State v. Hammonds, 10th Dist. No. 06AP-1122, 2007-Ohio-4456, ¶ 7.
 {¶ 11} Notice of plain error under Crim.R. 52(B) is "`to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" See State v. Landrum (1990),53 Ohio St.3d 107, 111, quoting State v. Long (1978) 53 Ohio St.2d 91, paragraph three of the syllabus. . Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been *Page 5 
different. State v. Hammonds at ¶ 8, citing State v. Moreland (1990),50 Ohio St.3d 58, 62.
 {¶ 12} In applying the foregoing standard, we must first determine whether any plain error occurred on the question of whether appellant was cognizant of the alleged violations of any of his community control conditions. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Appellant admitted at the October 25, 2006 hearing that one of the violations consisted of his failure to report to his probation officer. This fact is confirmed in the probation officer's report, which states that appellant had not reported to his probation officer since June 29, 2005.[1] Thus, no plain error exists in this regard.
 {¶ 13} There is also no plain error as to the waiver of an oral hearing because appellant had an opportunity to be heard in person and to present witnesses and documentary evidence at both his first hearing on October 26, 2006, and his second hearing on November 9, 2006. As stated above, at the October 26, 2006 hearing appellant spoke and admitted that he had violated one of the conditions of his community control. At the November 9, 2006 second hearing appellant did take the opportunity to inform the court that he had a chance to enter a drug/alcohol program. He then expressly waived any right to any further opportunity to present evidence by agreeing to continue immediately to sentencing. Thus, even if we would assume that the trial court conducted a consolidated hearing, we do not find plain error. See State v.Hammonds at ¶ 15. Accordingly, appellant's sole assignment of error is found not well-taken. *Page 6 
 {¶ 14} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR.
[1] The probation report lists violations of all of appellant's community control conditions. *Page 1