The STATE of Ohio, Appellee,

v.

ROSS, Appellant.

[Cite as *State v. Ross,* 179 Ohio App.3d 45, 2008-Ohio-5388.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–07–059.

Decided Oct. 17, 2008.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

James D. Shelby, for appellant.

SKOW, Judge.

{¶ 1} Appellant, Jerry Ross, appeals his conviction entered by the Erie County Court of Common Pleas in the above-captioned case. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} On October 16, 2006, appellant pleaded guilty to two amended charges of attempted assault on a police officer, both felonies of the fifth degree. Pursuant to the plea agreement, the state agreed to remain mute at sentencing.

{¶ 3} Sentencing was scheduled for December 14, 2006. When appellant failed to appear on that date, a new sentencing date was scheduled for April 5, 2007.

{¶ 4} At the hearing on April 5, 2007, the trial court sought the reason for appellant's earlier failure to appear. Following discussions with counsel for both parties, the trial court was able to determine that on December 14, 2006, appellant was incarcerated in the city of Cleveland, following a December 13, 2006 arrest.

{¶ 5} Also discussed at the April 5, 2007 hearing (without input from the prosecutor), was appellant's criminal history. This exchange, which took place between the trial court and defense counsel, revealed that appellant had been charged for several offenses committed after October 16, 2006, when the subject plea agreement had been reached.

{¶ 6} The trial court, after hearing from defense counsel, asked the prosecutor if she had any comments. The prosecutor replied as follows:

{¶ 7} "Your Honor, the state as part of the plea on October 16, 2006, did agree to remain mute. * * * The only thing I would say, Your Honor, is that obviously, because some of these offenses happened after the plea agreement, the state would not have known about the Cleveland cases. I'm not going to go into going against the recommendation to remain mute. I know this Court looks at the defendant's prior records. I just wanted to point out that that mute was made without the knowledge of the Cleveland cases, Your Honor. Thank you."

{¶ 8} Defense counsel made no objection to the prosecutor's comments.

{¶ 9} Following a colloquy between the trial court and appellant, appellant was sentenced to serve 11 months in prison on each of the two counts of attempted assault, with the sentences ordered to be served consecutively. Appellant timely appealed his conviction and sentence, raising the following assignment of error:

{¶ 10} "It was reversible error for the trial court to permit the prosecution to comment at the sentencing hearing with knowledge of a plea agreement that required the prosecution to remain mute at sentencing."

{¶ 11} Appellant argues in his sole assignment of error that the prosecutor violated the terms of the subject plea agreement (1) when she told the court what she knew about the whereabouts of appellant on the original sentencing date and (2) when she responded to the court's request for comments.

{¶ 12} Where a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

inducement or consideration, such promise must be fulfilled." *Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427. If the prosecutor fails to keep that promise, the defendant may be entitled to specific performance of the agreement or to withdraw his guilty plea. *State v. Montgomery*, 4th Dist. No. 07CA858, —— Ohio App.3d ——, 2008-Ohio-4753, —— N.E.2d ——, ¶ 14.

{¶ 13} In the instant case, we note that appellant failed to object to the state's comments at sentencing and, thus, waived all but plain error. See *State v. Montgomery*, 4th Dist. No. 07CA858, —— Ohio App.3d ——, 2008-Ohio-4753, —— N.E.2d ——, ¶ 15–16; *State v. Dudas*, 11th Dist. Nos. 2006–L–267 and 2006–L–268, 2007-Ohio-6739, 2007 WL 4376169, ¶ 51–54. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira*, 6th Dist. No. L–06–1282, 2007-Ohio-4902, 2007 WL 2745224, ¶ 11. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240.

{¶ 14} An agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such an agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. *State v. Crump*, 3d Dist. No. 8–04–24, 2005-Ohio-4451, 2005 WL 2064154, ¶ 11. "Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." Id.

{¶ 15} In the instant case, the prosecutor's statements were all in the nature of providing relevant factual information, and were not attempts to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. See *Crump*. In making statements about her knowledge of appellant's whereabouts on December 14, 2006, the prosecutor was able to help the trial court determine appellant's availability to appear for the first scheduled sentencing hearing. Likewise, in telling the court that the agreement to remain mute was made without the state's knowledge of the Cleveland cases, the prosecutor was merely making a statement of fact that was not otherwise available in the record. She was not, in our opinion, attempting to improperly influence the court. See *Crump*.

{¶ 16} We do not believe that the state's comments amounted to any error, let alone plain error. Accordingly, we find appellant's assignment of error not well taken.

{¶ 17} For all of the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment affirmed.

SINGER and OSOWIK, JJ., concur.