[Cite as *State v. Ahlers*, 2015-Ohio-131.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                       Court of Appeals No. E-14-005

    Appellee                                    Trial Court No. 2013-CR-098

v.

Jason Ahlers                                    **DECISION AND JUDGMENT**

    Appellant                                  Decided:  January 16, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski and Frank Romeo Zeleznikar, Assistant Prosecuting
Attorneys, for appellee.

Karin L. Coble, for appellant.

Jason Ahlers, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, Jason Ahlers, from the judgment of

the Erie County Court of Common Pleas, General Division, which found him guilty of

the offense of conspiracy to commit aggravated robbery, a second degree felony, in

violation of R.C. 2911.01(A)(1) and 2923.01(A)(1).  Appellant was then sentenced to

serve a sentence of seven years of incarceration with the Ohio Department of Rehabilitation and Correction.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did file a pro se brief on his own behalf in this appeal. Appellee also filed responsive briefs.

{¶ 4} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel and appellant himself. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Erie County Court of Common Pleas as well

2.

as the briefs filed by counsel and the pro se brief filed by appellant. Upon this review, we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} Counsel refers to several possible, but ultimately untenable, issues: (1) appellant's plea was unknowing and involuntary; (2) the state breached the plea agreement's term that it would "remain mute" at sentencing by alleging appellant's statements in the PSI were false and (3) the trial court, in imposing incarceration for the offense, abused its discretion when it failed to properly consider the relevant sentencing statutes.

{¶ 6} Appellant has filed a brief on his behalf setting forth four proposed assignments of error with the first three mirroring those proposed by counsel. In addition, appellant proposed a fourth assignment of ineffective assistance of counsel for "failing to object during the prosecutions (sic) breach of the plea agreement."

{¶ 7} Since appellant's first and second proposed assignments are related, we will address them together.

{¶ 8} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick,* 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

3.

**{¶ 9}** To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

**{¶ 10}** The June 27, 2013 transcript of the plea indicates a detailed colloquy between the judge and appellant. That dialogue demonstrates that appellant understood and was informed of the nature of the charges to which he was pleading guilty to, as well as the effect of the guilty plea, and was further advised and understood each of the constitutional rights that he would waive by entering his plea. Thus, the record establishes that the trial court complied with Crim.R. 11 (C) and that appellant entered into his guilty plea knowingly, voluntarily and intelligently.

**{¶ 11}** In this case, appellant further argues that had he known that appellee had the "ability to discredit his statements and/or attack his character such a plea would not have been reached in this case."

**{¶ 12}** We have held that where a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State v. Ross*, 179 Ohio App.3d 45, 2008-Ohio-5388, 900 N.E.2d 678, ¶ 12 (6th Dist.), citing *Santobello v. New York*, 404

4.

U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the prosecutor fails to keep that promise, the defendant may be entitled to specific performance of the agreement or to withdraw his guilty plea. *Id.*, citing *State v. Montgomery,* 2008-Ohio-4753, 970 N.E.2d 999 (4th Dist.).

{¶ 13} In the case before the court, the plea agreement states, in pertinent part:

No promises have been made except as part of this plea agreement, stated entirely as follows:

State will remain mute and take no position as to sentence; however victim(s) may make a victim impact statement.

{¶ 14} At the sentencing hearing on December 10, 2013, the prosecuting attorney took exception to statements attributed to the appellant in the presentence investigation report. Specifically, how appellant came into possession of a necklace. The prosecutor went on to state to the court "We are taking no position pursuant to the negotiated plea."

{¶ 15} In the instant case, we note that appellant failed to object to the state's comments at sentencing and, thus, waived all but plain error. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira,* 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

5.

**{¶ 16}** As we have noted in *Ross*, an agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such an agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. *Ross*, 179 Ohio App.3d 45, 2008-Ohio-5388, 900 N.E.2d 678, at ¶ 14, citing *State v. Crump*, 3d Dist. Logan No. 8-04-24, 2005-Ohio-4451, ¶ 11. "Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." *Id.* We find that the statements of the prosecutor at sentencing concerning the location of the necklace did not violate the terms of the plea agreement.

**{¶ 17}** Therefore, appellant's first and second proposed assignments of error are without merit.

**{¶ 18}** Appellant asserts as his third proposed assignment of error that the trial court abused its discretion when it failed to consider the relevant sentencing statutes. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 10. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

6.

*Id.* In this case, R.C. 2929.13(D) is applicable as this section establishes a presumption of incarceration for a first or second degree felony. Appellant pled guilty to a second degree felony. At the sentencing hearing, the trial court indicated that it had reviewed the presentence investigative report, the circumstances surrounding the offense, statements made in court, and the victim impact statement, as well as appellant's educational and criminal history. The trial court specifically stated that it considered the seriousness of appellant's conduct and similarly situated defendants and the impact on the victims.

{¶ 19} We find that appellant's sentence is not contrary to law. The seven-year prison sentence imposed upon appellant is within the permissible statutory sentencing range for a second degree felony. *See* R.C. 2929.14(A)(2). In addition, the trial court properly considered the purposes and principles of sentencing, as stated in R.C. 2929.11, as well as the factors in R.C. 2929.12. We conclude the trial court's sentence is not contrary to law and the proposed assignment of error is without merit. Similarly, appellant's first three pro se assignments of error are without merit.

{¶ 20} Finally addressing appellant's pro se fourth assignment of error, in proving ineffective assistance in the context of a guilty plea, appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and he would have insisted on going to trial. *State v. Wright,* 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12.

{¶ 21} Since we have found appellant's assignments of error not well-taken and that his plea of guilty was knowing and voluntary, and that the prosecutor's statements

7.

were not in violation of the plea agreement, appellant has failed to satisfy his burden in proving that his trial counsel's performance was deficient and that but for this deficiency he would not have pled guilty. His fourth proposed assignment of error is overruled.

**Conclusion**

{¶ 22} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error that he filed in his pro se brief and found no error prejudicial to appellant's rights in the proceedings in the trial court. We conclude that this appeal lacks any issue of arguable merit and is, therefore, wholly frivolous. The motion of counsel for appellant requesting to withdraw as counsel is granted.

{¶ 23} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. The clerk is ordered to serve all parties, including the defendant if he has filed a brief, with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.         _____
                                                          JUDGE

Thomas J. Osowik, J.

                                                _____

James D. Jensen, J.                                           JUDGE
CONCUR.

                                                _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.