[Cite as *State v. Shell*, 2020-Ohio-295.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-19-015

      Appellee                              Trial Court No. 18 CR 780

v.

Robert C. Shell                                 **DECISION AND JUDGMENT**

      Appellant                            Decided:  January 31, 2020

* * * * *

Joseph H. Gerber, Sandusky County Assistant Prosecuting Attorney,
for appellee.

James H. Ellis III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 6, 2019 judgment of the Sandusky County

Court of Common Pleas that sentenced the defendant-appellant, Robert Shell, to 12

months in jail following his guilty plea to attempted aggravated trafficking in drugs, in

violation of R.C. 2925.03(A)(1)(C)(1)(a) and 2923.02(A), a felony of the fifth degree.

Shell argues that the state violated the plea agreement by failing to remain silent during sentencing and also that the trial court erred in sentencing him to jail. Finding no error, we affirm.

## Facts and Procedural History

{¶ 2} According to the record, the Sandusky County Drug Task Force observed Shell and his girlfriend selling illegal drugs from a vehicle registered to Shell. The transaction occurred in a shopping center parking lot located in Fremont, Ohio on March 13, 2018. The task force officers watched as a suspicious-looking package was passed from Shell's vehicle to the occupants of a second vehicle. The occupants of the second vehicle then drove to a local fast food establishment and remained in the car. The drug task force officers contacted the Fremont Police Department to request that it dispatch an officer to the restaurant parking lot to perform a "welfare check." Sergeant Scully with the Fremont Police Department responded to the call. Upon his approach to the vehicle, he observed both occupants "preparing to shoot up" with what appeared to be heroin. The occupants told Sergeant Scully that they had purchased the drugs from Shell and Shell's girlfriend. The drugs were later tested and found to be 1.59 grams of Fentanyl.

{¶ 3} On July 27, 2018, the Sandusky County Grand Jury indicted Shell of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1) and (C)(1)(a), a felony of the fourth degree. At his August 10, 2018 arraignment, Shell pled not guilty to the charge and was appointed counsel.

2.

{¶ 4} A change of plea hearing was held on November 27, 2018. At that time, the parties informed the court that an agreement had been reached whereby Shell would plead guilty to a lesser included charge of attempted aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1) and (C)(1) and 2923.02(A), a fifth-degree felony. In return, the state agreed to "remain silent at [the] sentencing [hearing] and allow the Court and the Probation Department to fashion the appropriate sanction." The parties' written plea agreement also provided that, "[t]his plea is subject to the following additional conditions: In exchange for the plea, the State will remain silent at sentencing."

{¶ 5} Despite that promise, the prosecutor made the following statement during the February 4, 2019 sentencing hearing:

I looked through this * * * P.S.I. [presentence investigation], and I think that * * * what stands out for me is – a drug addict with no control. It appears there's been opportunities [sic]. There's been plenty of warning signs [sic]. There's been plenty of chances [sic], but I'm not sure he gets it, and I'm a little at a loss, because it seems like he has been through, let's see, Midwest Recovery, Unison Detox; social worker [name]; New Day Recovery, Empowered for Excellence. * * * Would it do any good to go anywhere else; I don't know. [B]ut I think there – has to be punishment, and I think there has to be the opportunity for – for fixing the problem so that we don't end up back here with OVI to reckless, obstructing official business – dismissed, but probation violation, OVI, driving under

3.

suspension, drug abuse instruments . . . I don't know what to do, but I don't think prison is the answer.  It's a [fifth degree felony].  I don't even think the Court can do that these days, but I guess that's why you're the Judge and not me.

{¶ 6} Shell's counsel raised no objection to the state's comments but concurred that Shell was a "good candidate for Community Control" and that incarceration was "[not] the answer here."

{¶ 7} Before imposing a sentence, the court offered the following opinion,

I would think that you, more than most people, would appreciate the seriousness [of] dealing in Fentanyl.  * * * We got people dropping over dead from Fentanyl.  * * * [Y]ou [have] participated in 14 or 15 different programs to address your addiction. * * * Clearly you have an addiction problem; whether you're honest about it [or not]. * * * [I]t's pretty frustrating.  You've only got one body.  You only got one life and how you abuse it -- * * * [I]t concerns me that you would resort to selling Fentanyl to probably supply your own habit.  My job is to attempt to protect the public from future crime; attempt to impose an appropriate punishment.  I mean, you've had issues for 10 years or so, and while you've attempted to address it, you keep going back to the same formula. * * * I really think that the offense calls for prison; however, the Legislature thinks differently,

but I do have the option of imposing local time, and I'm going to do – do that.

{¶ 8} The court accepted Shell's guilty plea, found him guilty, and imposed a term of 12 months in the county jail, a fine of $1,000, costs, and a three-year driver's license suspension. Shell appealed and, through his appellate counsel, raises two assignments of error for our review:

I. The State's Violation of Its Agreement to Remain Silent at Sentencing Requires that the Case Be Remanded for Re-sentencing.

II. The Trial Court Failed to Comply With the Applicable Statutes in Sentencing Appellant to Twelve Months in the Sandusky County Jail.

**Law and Analysis**

{¶ 9} In his first assignment of error, Shell argues that the state breached the terms of the plea agreement by failing to remain silent during the sentencing hearing. Shell concedes that he is limited to plain error review because he failed to object to the prosecutor's comments during the sentencing hearing. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira,* 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 10} Where a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State v. Ross*, 179 Ohio App.3d 45, 2008-Ohio-5388, 900 N.E.2d 678, ¶ 12 (6th Dist.), citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the prosecutor fails to keep that promise, the defendant may be entitled to specific performance of the agreement or to withdraw his guilty plea. *Id.*, citing *State v. Montgomery*, 4th Dist. Adams No. 07CA858, 2008-Ohio-4753.

{¶ 11} An agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing. *State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 12-13, citing *Ross* at ¶ 14. For example, the state may "provide relevant factual information or correct misstatements" without running afoul of an agreement. *State v. Crump*, 3d Dist. Logan No. 8-04-24, 2005-Ohio-4451, ¶ 11. On the other hand, the state is restricted "from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession." *Ahlers* at ¶ 16, citing *Ross* at ¶ 14 and *Crump* at ¶ 11.

{¶ 12} In this case, the state concedes that its prosecutor erred by speaking during the sentencing hearing. We agree. The prosecutor's comments, including that Shell was a "drug addict with no control," for whom "there has to be punishment" clearly evince an attempt to influence the trial court's decision in fashioning a sentence. Nonetheless, we

6.

find that the state's violation of its promise to stand mute does not amount to reversible error, given the absence of any evidence that the trial court relied on the prosecutor's comments. While Shell argues that the prosecutor's comments "undoubtedly" made it "less likely that the Trial Court would impose a community control sanction," he points to no evidence that this occurred. Indeed, the trial court rejected calls, *by the prosecutor*, to impose community control. Instead, the court determined that incarceration was the appropriate punishment, even if, as advised *by the prosecutor*, it was limited to sending Shell to jail, rather than prison. In sum, we see no evidence that the prosecutor's comments during the sentencing hearing had any impact on the trial court's decision. Therefore, Shell cannot show that plain error occurred in this case, and his first assignment of error is found not well-taken.

{¶ 13} In his second assignment of error, Shell argues that the trial court erred in sentencing Shell to 12 months in jail.

{¶ 14} We review sentencing challenges under R.C. 2953.08(G)(2). This statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 15} A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (Noting that while R.C. 2953.08(G)(2) prohibits courts from applying the abuse of discretion standard, as set forth in *Kalish*, that *Kalish* "may still be utilized [for purposes of] determining whether a sentence is clearly and convincingly contrary to law."). If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 23.

{¶ 16} Here, Shell does not challenge the trial court's compliance with the sentencing statutes identified in subsection (a) of R.C. 2953.08(G)(2), nor does he claim that the trial court misapplied postrelease control (which was not imposed) or that it imposed a sentence outside the statutory range for a fifth-degree felony. *See* R.C. 2929.14(A)(5) (The range of sentences that a trial court may impose for a fifth-degree felony "shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months."). Instead, Shell argues that his sentence is contrary to law because the trial court failed to

8.

comply with the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 17} R.C. 2929.11 explains that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 18} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 19} The trial court did not specifically indicate, at sentencing or in its judgment entry, that it considered R.C. 2929.11 or 2929.12. It is well-recognized, however, that where the record is silent, there is a presumption that the trial court gave proper

9.

consideration to these statutes. *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988); *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34-35. *See also State v. Seele*, 6th Dist. Sandusky No. S-13-025, 2014-Ohio-1455, ¶ 19 ("While it is true that the trial court did not expressly state in either its judgment entry or during the sentencing hearing that it had balanced the principles and purposes of sentencing against the seriousness of the offense and the likelihood of recidivism under R.C. 2929.11 and 2929.12, we must presume that the trial court gave those statutes proper consideration."). It is up to the defendant to rebut this presumption. *Rutherford* at ¶ 34-35. "Thus, the issue before us is whether the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so." *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 20} The record demonstrates that the trial court considered both statutes, as evidenced by its acknowledgement of its obligation to "protect the public from future crime" and to "impose an appropriate punishment." Moreover, the court explained at length its rational for imposing the maximum sentence. For example, it challenged Shell's assertion that he had "learned [his] lesson." Instead, the court openly questioned whether the "same formula," used by Shell over the last "10 years or so" of participating in "14 or 15 [substance abuse] programs" would achieve a better result in the future. It also expressed "frustrate[ion]" for Shell's failure to "appreciate the seriousness" of dealing a drug, Fentanyl, that was causing "people [to drop] dead." The court concluded

10.

that the "freedom [Shell] had been afforded" should be curtailed because he "corrupt[ed]" his "fellow citizen[s]" with drugs.

{¶ 21} Shell complains that the trial court "disregarded the facts that [he] suffers from a significant long-term addiction to drugs and some form of mental illness." He claims that a "calculated sanction of community control" would be the most effective way to rehabilitate him and that sending him to jail for the maximum term would "impede" his recent progress with respect to drug treatment.

{¶ 22} While Shell may suffer from addiction — a factor that the court may take into account under R.C. 2929.12(C)(4) in considering whether his conduct was "less serious than conduct normally constituting the offense" — the court's explanation demonstrates that it concluded that his conduct, i.e., selling Fentanyl to supply his habit, was "more serious than conduct normally constituting the offense" under R.C. 2929.12(B), which outweighed any immediate need for treatment.

{¶ 23} Moreover, notwithstanding Shell's complaint that the trial court "picked and chose" which factors to consider, the trial court has discretion to determine the weight to assign to any particular statutory factor. *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13. Merely because the trial court did not find Shell's stated reason, i.e., his need to treat his substance abuse problem, as a compelling reason to impose a lesser sentence does not render his sentence contrary to law. *Accord State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 23 (Rejecting argument that

11.

the court, in imposing the maximum sentence "held no regard to the addiction that [he] faces" in contravention of R.C. 2929.11(A)'s mandate to impose minimum sanctions.).

{¶ 24} We find that sufficient information in the record exists for this court to conclude that the trial court considered the relevant factors contained in R.C. 2929.12 in imposing a sentence that complies with the purposes and principles of R.C. 2929.11.

{¶ 25} We further find that the trial court complied with all applicable sentencing requirements when it sentenced Shell to jail and that his sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2). Accordingly, his second assignment of error is not well-taken.

{¶ 26} The February 6, 2019 judgment of the Sandusky County Court of Common Pleas is affirmed. Shell is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Mark L. Pietrykowski, J. | _____ |
| | JUDGE |
| Arlene Singer, J. | |
| | _____ |
| Thomas J. Osowik, J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.