[Cite as *State v. Baucom*, 2022-Ohio-2284.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Carlin Baucom

        Appellant

Court of Appeals No.  L-21-1108
L-21-1109

Trial Court No.  CR0202002158

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 30, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy Jarrett and Khaled Elwardany, Assistant Prosecuting
Attorneys, for appellee.

Emil G. Gravelle, III, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is a consolidated, delayed appeal filed by appellant, Carlin Baucom,

from the April 1, 2021 judgment of the Lucas County Court of Common Pleas.  For the

reasons that follow, we affirm the trial court's judgment.

{¶ 2} Appellant sets forth two assignments of error:

A. Mr. Baucom's convictions should be reversed and vacated due to the fact that Crim.R. 11(F) was not followed because off-the-record agreements between the prosecutor, defense counsel, and the court were only briefly mentioned at the plea hearing but not included in the plea agreement.

B. Mr. Baucom was denied the effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when his trial counsel failed to properly preserve a meaningful factual record of the off-the-record agreement for appellate review.

## Background

{¶ 3} Appellant was charged by indictment, on September 25, 2020, with one count of having a weapon while under disability, a third-degree felony. He was arraigned and pled not guilty. Following several pretrial conferences, numerous writs of capias ordered and withdrawn, and other trial court proceedings, a change of plea hearing was held on February 11, 2021. At the hearing, appellant entered a guilty plea to the amended charge of attempted having weapons while under disability, a fourth-degree felony. On March 31, 2021, he was sentenced to 17 months in prison. The trial court's judgment entry was filed on April 1, 2021.

2.

**{¶ 4}** On June 2, 2021, appellant filed a notice of appeal, which was assigned case No. L-21-1108. On June 7, 2021, appellant filed a motion for leave to file a delayed appeal, which was assigned case No. L-21-1109. The motion for delayed appeal was granted, and the cases were consolidated.

### First Assignment of Error

**{¶ 5}** Appellant argues his guilty plea should be reversed and vacated because the entire plea agreement between the parties was not placed on the record as required by Crim.R. 11(F). He contends there was definitely some type of off-the-record agreement which was not placed on the record or in the plea agreement. Appellant asserts the terms of this off-the-record bargain, made in front of the court, appear nowhere in the oral or written plea agreement. He submits "the question remain[s] were the actions of the trial court and parties after the trial court accepted the plea[,] part of the negotiated plea or the off-the-record agreement." Appellant queries: "[t]he fact that the prosecution remained silent at sentencing or that the trial court promised that judicial release might be considered - were these actions part of the off-the record agreement?" In support, appellant cites to several cases, including *State v. Grigsby*, 2d Dist. Greene No. 02CA16, 2003-Ohio-2823; *State v. Drake*, 9th Dist. Summit No. C.A. 12859, 1987 WL 9836 (April 15, 1987); and *State v. Smith*, 11th Dist. Lake No. 98-L-104, 1999 WL 454482 (June 25, 1999).

3.

{¶ 6} The state counters appellant's assignments of error are premised on the absence of an unspecified term from the sentencing hearing and the written plea agreement, but appellate review is limited to information in the record, as defined in App.R. 9(A). The state argues in order to show the trial court committed reversible error, appellant must be able to prove prejudice based on information in the record. The state observes appellant has not filed a motion to withdraw plea, nor has he argued that the prosecution breached any obligation under the plea agreement. The state also asserts appellant did not point to any objections to preserve an alleged Crim.R. 11(F) violation for appeal purposes, nor did he demonstrate a plain or obvious error. The state cites to numerous cases including *State v. Holbern*, 6th Dist. Lucas No. L-76-040, 1976 WL 188363 (June 11, 1976).

{¶ 7} A review of the record shows appellant did not lodge any objections with the trial court that the entire plea agreement was not placed on the record. Thus, we are limited to plain error review.

**Standard**

{¶ 8} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Moreover, "[p]lain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira*, 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should only recognize

4.

plain error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Ahlers*, 6th Dist. Erie No. E-14-005, 2015-Ohio-131, ¶ 15, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

## Law

{¶ 9} Crim.R. 11(F) states, in relevant part, that "[w]hen a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

{¶ 10} In *Holbern*, we held:

Crim. R. 11(F) is procedural in nature; a violation of Crim. Rule 11(F) does not automatically prejudice the constitutional rights of the defendant. *See Chapman v. California* (1967), 386 U.S. 18. The defendant-appellant does not claim that the plea bargaining agreement was violated in the case at bar, nor did he try to withdraw his plea. The noncompliance with Crim. R. 11(F) is a harmless error which does not affect a substantial right. Crim. R. 52(A). *Id.* at *1.

**{¶ 11}** In *Chapman v. California*, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the United States Supreme Court set forth:

> The application of a state harmless-error rule is, of course, a state question where it involves only errors of state procedure or state law. But the error from which [Chapman and Teale] suffered was a denial of rights guaranteed against invasion by the Fifth and Fourteenth Amendments, rights rooted in the Bill of Rights * * *.

**Analysis**

**{¶ 12}** The record shows that at appellant's plea hearing, the state represented the plea agreement involved appellant tendering a guilty plea to the amended charge of attempted having weapons while under disability, a fourth-degree felony. Both appellant and his trial counsel agreed that was their understanding of the agreement. Appellant was then sworn and asked if anybody threatened him or promised him anything in order to enter the plea, and appellant responded in the negative. The judge recounted the state's representation that the charge would be amended to attempted having weapons while under disability, a fourth-degree felony. Appellant agreed that was his understanding, and he did not have any questions about it. The trial court accepted the plea, found appellant in violation of R.C. 2923.02 and 2923.13(A)(2) and (B), referred appellant for a presentence report and scheduled a sentencing hearing.

6.

{¶ 13} Appellant's trial counsel requested a bond reduction, as "[t]here are extenuating circumstances, which you do know about, that he's going to follow through with, he wants to follow through with, * * * and there are some other things that we're going to be potentially helping the State with." The state responded "as far as the things that we spoke about off [of] the record, I would say [appellant] has held up his end of [the] bargain, so with that, the State has no objection * * *." The trial court changed appellant's bond to an own recognizance (OR) bond.

{¶ 14} No objections were made at the plea hearing.

{¶ 15} The plea agreement set forth, inter alia, that "I withdraw my former not guilty plea and enter a plea of GUILTY to: * * * ATTEMPTED HAVING WEAPON WHILE UNDER DISABILITY * * * a felony of the 4th degree * * * No promises have been made except as part of this plea agreement, stated entirely as follows: None."

{¶ 16} At the sentencing hearing, appellant's trial counsel stated:

[W]e take a guy with an extensive criminal history who, more of often than not, would use language unbecoming in a courtroom when confronted with an officer, to now 100 percent cooperating. So given that, without putting too much onto the record, and given your extensive background knowledge of the issue, I'm going to ask [for] * * * probation.

7.

{¶ 17} Appellant, when asked if he had anything to add, said "I would really appreciate a chance to have probation. I don't have any problem with substance abuse, that was long gone in my past. I really hope that you give me a chance, ma'am."

{¶ 18} The trial court sentenced appellant to 17 months in prison, noting appellant was on his eleventh felony, many of which involved firearms, and he had not done well in the past when placed on community control. The court found appellant was a risk to the safety of the community.

{¶ 19} No objections were lodged at the plea hearing.

{¶ 20} Upon review, while appellant asserts the entire plea agreement between the parties was not placed on the record, he has not proffered what the entire plea agreement involved or what information was not placed on the record. Moreover, both appellant and his trial court agreed, at the plea hearing, that their understanding of the agreement involved appellant tendering a guilty plea to the amended charge of attempted having weapons while under disability, a fourth-degree felony. Further, the record is devoid of any argument that the plea agreement was violated. In addition, appellant did not object, at the plea hearing or sentencing hearing, that the entire plea agreement was not placed on the record, and he did not seek to withdraw his plea.

{¶ 21} We find, on the authority of *Holbern*, if the entire plea agreement was not placed on the record, such noncompliance with Crim.R. 11(F) would not be plain error, but would constitute harmless error. We further find the cases upon which appellant

8.

relied are distinguishable and inapplicable. Accordingly, appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 22} Appellant argues his trial attorney "failed to preserve any record of the off-the-record agreement with the prosecutor and the trial court relating to the negotiations for [appellant's] plea and sentence where the prosecutor confirmed that there was an off-the-record agreement." Appellant asserts his attorney "also failed to preserve any really meaningful record of the off-the-record agreement for purposes of Crim.R. 11(F), and its impact on [appellant's] decision to plead guilty, for review by this Court." Appellant maintains he was prejudiced by his attorney's failure to preserve the record. In support, appellant cites to several cases including *State v. Irwin*, 184 Ohio App.3d 764, 2009-Ohio-5271, 922 N.E.2d 981 (7th Dist.) and *In re Walker*, 10th Dist. Franklin No. 98AP-1548, 1999 WL 717317 (Sept. 16, 1999).

{¶ 23} The state counters appellant cannot demonstrate he would not have entered the plea but for his counsel's failure to include the allegedly missing term part of the record, without demonstrating the precise term he alleges was omitted.

## Law

{¶ 24} To prevail on a claim of ineffective assistance of counsel, an appellant must prove trial counsel's performance was deficient, because it fell below an objective standard of reasonable representation, and but for counsel's errors, there is a reasonable

9.

probability the outcome of the trial would have been different. *State v. Lewis*, 6th Dist. Lucas No. L-18-1069, 2019-Ohio-3929, ¶ 35, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "One of counsel's duties is to preserve the record for appeal." *Irwin* at ¶ 243. "If trial counsel failed to preserve an issue for appeal that would have resulted in a reasonable probability that the results would have been different, appellant may have received ineffective assistance of counsel." *Walker* at *3.

**Analysis**

{¶ 25} Upon review, appellant's assigned error is again based on an off-the-record agreement, with no suggestion as to what the entire plea agreement entailed or what facts were not placed on the record. We find appellant has not shown his trial counsel's failure to object that the entire plea agreement was not placed on the record was deficient, that appellant was prejudiced, or that outcome of the criminal proceeds would have clearly been different. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 26} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.          _____
                                                    JUDGE

Myron C. Duhart, P.J.
CONCUR.                          _____
                                                    JUDGE


Gene A. Zmuda, J.
CONCURS IN JUDGMENT
ONLY.                            _____
                                                    JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.