[Cite as *State v. Livingston*, 2026-Ohio-1080.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  WD-25-036 |
| Appellee | Trial Court No.  24 CR 158 |
| v. | |
| Henry Livingston, III. | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 27, 2026 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer Kristofferson, Assistant Prosecuting Attorney, for appellee.

Jeffrey Nunnari, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Henry Livingston, III, appeals a judgment of the Wood County Court of Common Pleas which, following his guilty plea to abduction, sentenced him to 30 months of imprisonment.  Because no plain error occurred at sentencing, the judgment is affirmed.

**I. Facts and Procedural History**

{¶ 2} The Wood County Grand Jury indicted Livingston on one count of abduction, R.C. 2905.02(A)(2), (C), a third-degree felony, and rape, R.C. 2907.02(A)(2), (B), a first-degree felony.  The charges stemmed from an incident at a hotel in

Perrysburg, Wood County, Ohio, where Livingston allegedly raped and prevented the victim from leaving a hotel room.

{¶ 3} The parties subsequently reached a plea agreement whereby the State agreed to dismiss the rape charge and Livingston would plead guilty to abduction. At the March 27, 2025 plea hearing, the parties added:

> [DEFENSE COUNSEL]: It is, Judge and I don't think that we put it in the plea forms, but I think that the State was remaining – agreeing to remain silent at sentencing as well.
> [PROSECUTOR]: It is not on the form, but Ms. Roller is correct that the State would be declining to make a sentence recommendation.
> THE COURT: All right, thank you. And, Mr. Livingston, did you hear the Prosecutor?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is that your understanding of the agreement?
> THE DEFENDANT: Yes, Your Honor.

{¶ 4} At the sentencing hearing, after defense counsel and Livingston addressed the court, the prosecutor stated:

> [F]irst we would note, as the Court indicated, the victim was notified, she is not present. There are victim representatives, friends and family members that are present on her behalf. We would incorporate the victim impact statement into our sentencing here, ask the Court to consider that. We would note that under 2929.12, the seriousness factors the Court does need to consider, I think the statement does make clear the victim did suffer serious psychological harm that she is still dealing with to this day. Certainly, the offender's relationship with the victim facilitated the offense in this case. And, regarding remorse, Your Honor, and whether the apology was genuine or not, we would just note that the Defendant did not participate in the presentence report, we think that reflects on his remorse. There was an explanation given about another court matter that was going on at the same time, but this is a serious felony sentencing for which the Defendant was given multiple opportunities to participate in that presentence investigation, and I think the report reflects the multiple attempts to get his participation that were not responded to or declined, so we do think that reflects on the recidivism factor and the remorse factor, so

2.

we're asking the Court to take those factors into account when it imposes its sentence today.

{¶ 5} Sentencing Livingston, the court stated that it considered "the seriousness and recidivism factors both mentioned by the Prosecutor's office and those as listed in their entirety," the principles and purposes of sentencing under R.C. 2929.11, the fact that the conviction was for a violent offense, the presentence investigation report and victim impact statement, and the need for "deterrence, incapacitation, rehabilitation and restitution." The court then imposed a 30-month imprisonment term; this appeal followed.

## II. Assignment of Error

{¶ 6} On appeal, Livingston raises the following assignment of error:

ASSIGNMENT OF ERROR: The State of Ohio breached its plea agreement with appellant by not remaining silent at sentencing.

## III. Analysis

{¶ 7} In Livingston's sole assignment of error he argues that the State breached the plea agreement by failing to remain silent at sentencing. Livingston concedes that the court's review is limited to plain error because he failed to object.

{¶ 8} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error will be recognized only where an obvious error impacted the outcome of the proceedings. *State v. Roby*, 2022-Ohio-223, ¶ 12 (6th Dist.), citing *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Recognition of plain error is discretionary with the reviewing court; it is not mandatory. *Id.*, citing *Rogers* at ¶ 22-23. Plain error should be noticed by the reviewing court "only

3.

if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 9} "Where a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *State v. Shell*, 2020-Ohio-295, ¶ 10 (6th Dist.), quoting *State v. Ross*, 2008-Ohio-5388, ¶ 12 (6th Dist.), citing *Santobello v. New York*, 404 U.S. 257, 262 (1971). The prosecutor's failure to keep that promise may entitle the defendant to specific performance of the agreement or to withdraw his guilty plea. *Id.*, citing *State v. Montgomery*, 2008-Ohio-4753 (4th Dist.).

{¶ 10} We reject Livingston's initial assertion that the agreement is ambiguous because at the plea hearing his counsel represented that the State agreed to "remain silent" at sentencing while the State indicated that it would "be declining to make a sentence recommendation." Livingston agreed that the prosecutor's statement reflected his understanding of the agreement.

{¶ 11} An agreement by the prosecution to take no position on the sentence does not entirely foreclose the State's participation in the sentencing hearing. *Shell* at ¶ 11, citing *State v. Ahlers*, 2015-Ohio-131, ¶ 12-13 (6th Dist.). The State may "'provide relevant factual information or correct misstatements' without running afoul of an agreement," *id.*, quoting *State v. Crump*, 2005-Ohio-4451, ¶ 11 (3d Dist.), but is "restricted 'from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession.'" *Id.*, quoting *Ahlers* at ¶ 16, citing *Ross* at ¶ 14 and *Crump* at ¶ 11.

4.

{¶ 12} Here, the prosecutor stated that under the seriousness sentencing factors, the victim suffered serious harm, that Livingston's relationship with the victim facilitated the offense, and he questioned the genuineness of Livingston's remorse based on his failure to cooperate with the presentence investigation. The prosecutor then specifically requested that the court consider the facts he presented in fashioning Livingston's sentence. On review, we agree that the statements violated the plea agreement because they were presented in an attempt to influence the sentence.

{¶ 13} In addition to finding that the State breached the plea agreement, the court must examine the impact of the error, if any. As previously set forth, plain error requires a showing that but for the error, Livingston would not have entered the guilty plea. Livingston contends that the prosecutor's promise to refrain from making a sentencing recommendation induced Livingston to plead guilty and he claims that the prosecutor's actions "cast serious doubt on the integrity and fairness of the proceedings."

{¶ 14} Speculative claims of but for the error, a defendant would have been sentenced differently or that the defendant would not have entered the plea are not sufficient to establish plain error. *Roby*, 2022-Ohio-223, at ¶ 19. The idea that Livingston's plea was based solely on the prosecutor's agreement to refrain from making a sentencing recommendation is purely speculative in light of the fact that by entering the plea the State agreed to dismiss the first-degree felony rape charge. Further, sentencing Livingston the court expressed that it conducted a review of the entire record including the presentence investigation and victim impact statement, as well as the relevant statutory provisions. The court's statements detailing the factual basis of the charge

5.

further evidence that it independently considered the record in fashioning an appropriate sentence. Accordingly, because Livingston cannot demonstrate plain error, his assignment of error is not well-taken.

### IV. Conclusion

{¶ 15} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Livingston is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.