**[Cite as *State v. Watkins*, 2016-Ohio-5756.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-15-1213

　　　Appellee                                 Trial Court No. CR0201402837

v.

Myron Watkins                               **DECISION AND JUDGMENT**

　　　Appellant                               Decided:  September 9, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

**{¶ 1}** This is an appeal from the judgment of the Lucas County Court of Common

Pleas, sentencing appellant, Myron Watkins, to 18 months in prison following its

acceptance of appellant's guilty plea to one count of gross sexual imposition.

## A. Facts and Procedural Background

{¶ 2} This case stems from an incident in which appellant, a former Lucas County corrections officer, sexually assaulted a female detainee after offering to give her a ride home upon her release from custody. Appellant was subsequently indicted by the Lucas County Grand Jury on one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree.

{¶ 3} Appellant initially entered a plea of not guilty and the matter proceeded through pretrial proceedings. On May 18, 2015, appellant appeared before the court and entered a guilty plea to the charge of gross sexual imposition. Pursuant to the terms of a negotiated plea agreement, the state dismissed the rape charge and agreed to remain silent at sentencing. The court accepted the plea, continued the matter for sentencing, and ordered the preparation of a presentence investigation report.

{¶ 4} On July 9, 2015, appellant appeared before the trial court for sentencing. At the sentencing hearing, the trial court reviewed the presentence investigation report and a letter it received from the Lucas County Sheriff, John Tharp. When given an opportunity to address the court, the state indicated that it would remain silent. However, the state went on to point out that "there are several members of the sheriff's department present in the courtroom in support of that position of public trust that they hold and in support of Sheriff Tharp's statement that they presented to the court." After hearing from the victim in this case, the court referenced Tharp's letter as follows:

2.

I really can't put it better than this letter from Sheriff Tharp. At the time you were employed as a corrections officer. Correction officers take a solemn oath to uphold the Constitution and the laws of the United States of America and the Constitution and the laws of the State of Ohio.

He goes on to say, sexual violence against women is a terribly heinous crime in and of itself, but when the perpetrator is an officer with a special duty to protect, the seriousness of the crime is elevated. The public trust that Mr. Watkins violated is one of the cornerstones of our criminal justice system.

Well put, Sheriff Tharp.

{¶ 5} The court went on to express its consideration of the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. Ultimately, the court ordered appellant to serve the maximum prison sentence of 18 months. It is from this order that appellant now appeals.

## B. Assignments of Error

{¶ 6} On appeal, appellant asserts the following errors for our review:

1) The State of Ohio violated the plea agreement by not remaining silent at sentencing.

2) The Trial Court's sentence was contrary to law.

3.

## II. Analysis

{¶ 7} In his first assignment of error, appellant argues that the state breached the terms of its plea agreement at sentencing via Sheriff Tharp's letter to the court and the statement made by the prosecutor directing the court's attention to the presence of the sheriff's deputies in the courtroom.

{¶ 8} "A plea agreement constitutes a contract between the state and a criminal defendant and is subject to the general law of contracts." *State v. Liskany*, 196 Ohio App.3d 609, 2011-Ohio-4456, 964 N.E.2d 1073, ¶ 190 (2d Dist.), citing *State v. Butts*, 112 Ohio App.3d 683, 685-686, 679 N.E.2d 1170 (8th Dist.1996). Thus, if one side violates a term of the plea agreement, the other party has a right to pursue appropriate remedies, including rescission of the agreement. *Id.*, citing *State v. Hart*, 8th Dist. Cuyahoga No. 84531, 2005-Ohio-107, ¶ 8.

{¶ 9} Notably, appellant failed to object to Tharp's letter at sentencing and, thus, waived all but plain error. *See State v. Montgomery*, 4th Dist. Adams No. 07CA858, 2008-Ohio-4753, ¶ 15-16; *State v. Dudas*, 11th Dist. Lake Nos. 2006-L-267, 2006-L-268, 2007-Ohio-6739, ¶ 51-54. "Plain error does not exist unless, but for the error, the outcome of the criminal proceedings would clearly have been different." *State v. Ferreira*, 6th Dist. Lucas No. L-06-1282, 2007-Ohio-4902, ¶ 11. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

4.

{¶ 10} For his first argument, appellant asserts that Sheriff Tharp's letter constituted a breach of the state's promise to remain silent at sentencing. Appellant's argument is based on the Second District's decision in *Liskany*, *supra*. There, the investigating officer in the case wrote a letter to the court, asking the court to "punish the defendant * * * for the longest possible period." *Liskany* at ¶ 103. Contrary to the officer's request for the longest sentence available, the state, pursuant to a plea agreement, agreed to recommend a sentence of not less than four years. The defendant was ultimately sentenced to 16 years in prison.

{¶ 11} On appeal, the court remanded the matter for resentencing after finding that the investigating officer's request for the longest possible sentence contradicted the state's recommendation of a sentence not less than four years. The court found that the letter was issued by an agent of the state, even though it was not written directly by the prosecutor. *Id.* at ¶ 192. Although the majority decision did not offer any support for its determination that the officer was an agent of the state for purposes of compliance with the plea agreement, the dissenting opinion offered some insight. In the dissent, Judge Donovan emphasized the fact that the officer who wrote the letter was the investigating officer in the case and, as such, was the "'investigating arm of the prosecutor's office.'" *Id.* at ¶ 213, quoting *State v. Matson*, 2003 WI App 253, 268 Wis.2d 725, 674 N.W.2d 51, ¶ 23.

{¶ 12} Citing *Liskany*, appellant argues that Sheriff Tharp, acting as an agent of the state, breached the terms of the plea agreement by failing to remain silent at

5.

sentencing. However, as noted by the state in its brief, the *Liskany* court seemed particularly concerned with the fact that the officer who wrote the letter to the trial court was the *investigating* officer in the underlying criminal investigation. Because the investigating officer is treated as an agent of the state in matters of discovery, the court was willing to treat the investigating officer as an agent of the state for purposes of plea agreements.

{¶ 13} In this case, the record establishes that the Lucas County Sheriff's Office was not involved in the investigation of appellant's criminal behavior in this case. Seeming to agree with this statement, appellant admits in his brief that "the only interest the sheriff's office had in [this] case was that one of its former employees had been accused and pled guilty to a sex crime." Because Sheriff Tharp was not the investigating officer in this case, we find that *Liskany* is distinguishable here, and we refuse to extend the holding of *Liskany* to support appellant's assertion that Sheriff Tharp was acting as an agent of the state at sentencing.

{¶ 14} For his second argument, appellant argues that the state breached its promise to remain silent when it called attention to the sheriff's deputies that were present in the courtroom during the sentencing hearing.

{¶ 15} An agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging

information already in the court's possession. *State v. Crump*, 3d Dist. Logan No. 8-04-24, 2005-Ohio-4451, ¶ 11. "Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement." *Id.*

{¶ 16} In this case, the prosecutor's statements did not merely provide relevant factual information. Rather, the statements were directed at drawing the court's attention to Sheriff Tharp's letter and the presence of deputies in the courtroom in support of such letter, thereby suggesting the severity of appellant's conduct in light of the position of trust he held as a sheriff's deputy. Such information was disparaging and amounts to a breach of the prosecutor's promise to stand mute at sentencing. Accordingly, we find appellant's first assignment of error well-taken.

{¶ 17} In light of the foregoing, we find that this matter must be remanded to the trial court for resentencing, at which time the state is to honor its obligation to remain silent. In the meantime, the state would do well to heed the old adage that integrity creeps in like a caterpillar, but leaves on horseback at a full gallop.

{¶ 18} Because we have found that this matter must be sent back to the trial court for resentencing, we need not address appellant's second assignment of error, in which he asserts that the trial court's sentence was contrary to law.

7.

### III.  Conclusion

**{¶ 19}** The judgment of the Lucas County Court of Common Pleas is reversed and this matter is remanded to the trial court for resentencing consistent with this decision. Costs are hereby assessed to the state in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        
_____
JUDGE

Stephen A. Yarbrough, J.      

_____
James D. Jensen, P.J.           JUDGE
CONCUR.

_____
JUDGE

8.