**[Cite as *State v. Roby*, 2022-Ohio-223.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-21-052
                                                                                      WD-21-053
        Appellee

                                                              Trial Court No.  2021CR0010
v.                                                                                  2021CR0011

Branden J. Roby

                                                              **DECISION AND JUDGMENT**
        Appellant

                                                              Decided:  January 28, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

## Introduction

{¶ 1} In these consolidated appeals, the defendant-appellant, Branden Roby,

challenges two June 17, 2021 judgments of the Wood County Court of Common Pleas.

The first sentenced Roby to 12 months in prison following his guilty plea to aggravated possession of drugs, and the other sentenced him to 36 months in prison following his guilty plea to illegal conveyance of drugs. On appeal, Roby argues that the state violated the plea agreements when it failed to "remind" the trial court—at the conclusion of the sentencing hearing—that it was not recommending a prison sentence. Finding no error, we affirm.

**Background**

{¶ 2} On May 25, 2020, the Bowling Green Police were dispatched to Eighth Street, near South College Drive, following reports of an intoxicated male running east. Once there, police found an unresponsive man, later identified as Roby, lying face down in the grass. Drugs found in Roby's possession were later tested and found to be methamphetamines. Roby was indicted of Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree.

{¶ 3} Two months later, police picked up Roby at his home on a "parole holder" and transported him to jail. When searched at the jail, certain drugs (i.e., prescription medication used to treat Roby's schizophrenia and "a small amount of marijuana") were found in Roby's shoes. Roby was indicted, separately, for Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Agency, in violation of R.C. 2921.36(A)(2)(G)(2), a felony of the third degree.

2.

{¶ 4} At a change-of-plea hearing on April 20, 2021, the state told the court that Roby was expected to plead guilty to each charge. With regard to sentencing for the illegal conveyance charge, the state further explained,

We had talked about resolving the case by adding the attempt language to it to make it [a fourth degree felony charge]. However, in looking at the statute, that's not available because the attempt language is in the statute. So he's going to tender a plea of guilty to that indictment. *But the State is going to recommend that if a prison sentence is imposed that it would be capped at eighteen months, which would be a felony of the fourth degree.* We believe that that reduction of that cap is warranted by the facts of the case. Therefore, he's going to enter pleas of guilty to both indictments here. (Emphasis added.)

{¶ 5} Upon further questioning by the court, the state confirmed that it was "not recommending a prison term."

{¶ 6} The court then explained to Roby that "the State is going to recommend that if a prison term is imposed that it not be more than eighteen months," which the court would "strongly consider[]" but was "not bound by." It added that it could impose a sentence of "up to" 12 months as to the possession charge and "up to" 36 months as to the conveyance charge.

3.

{¶ 7} At the hearing, Roby confirmed his signature and understanding of the written plea agreements. As to the possession charge, the agreement provides that "[the] State is free to recommend at sentencing." As to the illegal conveyance charge, the agreement provides that "[the] State [will] recommend a cap of Eighteen Months as to any Prison Sentence." (Emphasis removed.) At the conclusion of the hearing, the court found Roby guilty of both charges, ordered a presentence investigation and set the matter for sentencing.

{¶ 8} At sentencing, the state told the court that "as part of the plea agreement we agreed to recommend as to the * * * the illegal conveyance [case], * * * that there would be a cap of eighteen months * * * [but] [o]ther than that there have been no promises made * * * and we would leave [Roby's sentence] up to the sound discretion of the Court."

{¶ 9} The court sentenced Roby to serve 12 months in prison as to the possession charge and 36 months as to the illegal conveyance charge, with the terms to be served concurrently.

{¶ 10} Roby appealed the June 17, 2021 judgments and requested that the appeals be consolidated, which was granted. He raises a single assignment of error for our review:

THE STATE OF OHIO BREACHED ITS PLEA AGREEMENT

WITH APPELLANT BY NOT REMINDING THE COURT AT THE

4.

TIME OF SENTENCING THAT IT WAS NOT RECOMMENDING A PRISON TERM.

## Law and Analysis

{¶ 11} Roby concedes that, because he failed to raise his argument below, he is limited to plain error review.

{¶ 12} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001). An appellate court's invocation of plain error requires the existence of an obvious error which affected the outcome of the proceedings. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Recognition of plain error is discretionary with the reviewing court; it is not mandatory. *Id.* at ¶ 22-23. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 13} Plea agreements are contracts between the state and criminal defendants and are subject to contract law principles. *State v. Monroe,* 6th Dist. Lucas No. L-19-1241, 2020-Ohio-4541, ¶ 16. "Accordingly, if one side breaches the agreement, the other side is entitled to either rescission or specific performance of the plea agreement." *State*

*v. Walker,* 6th Dist. Lucas No. L-05-1207, 2006-Ohio-2929, ¶ 13, citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The elements of a breach of contract claim include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *Jarupan v. Hanna,* 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 18 (10th Dist.).

{¶ 14} Here, Roby does not fault the state for what it said but rather what it did not say. That is—in the waning moments of the hearing, after it had imposed the sentence—the trial court made the following comment,

I would indicate for the record—I didn't do this previously—the Court does understand that in [the possession offense] the presumption is for community control and in [the illegal conveyance offense] the presumption is neither for nor against prison or community control.

*And I would also indicate that the Court does recognize that there was a recommendation of eighteen months from the State of Ohio.*

(Emphasis added.)

{¶ 15} On appeal, Roby argues that the state violated an "affirmative obligation to remind the court that it was *not* recommending a prison sentence." He claims that the court "proceeded to sentence" him under the "mistaken belief" that the state was recommending prison time.

6.

{¶ 16} While we agree with Roby that the trial court's synopsis of the state's positon was incorrect, this statement was made *after* the trial court had imposed its sentence. Roby cites no authority that the state had any duty to correct the court under the circumstances, and we are not aware of any either. Accordingly, we find that Roby failed to establish that the state breached the terms of the plea agreements.

{¶ 17} We also find that Roby cannot establish that the outcome of his case would have been different if the state had "reminded" the trial court of its recommendation at the conclusion of the sentencing hearing. The state properly communicated its sentencing recommendation at the plea hearing, and the trial court rejected that recommendation at sentencing. The trial court would have been just as free to reject a subsequent "reminder" of the state's sentencing recommendation. *See State v. Alvarez,* 154 Ohio App.3d 526, 2003-Ohio-5094, 797 N.E.2d 1043, ¶ 15-16 (Noting the sentencing court "was not in any way bound by the state's recommendation [that defendant receive community control sanctions]"); *In re Disqualification of Mitrovich*, 74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333 (1990) ("[T]he acceptance or rejection of a plea bargain is within the sound discretion of the trial judge").

{¶ 18} And, based on the record, it is very likely that the trial court would have imposed the same exact sentence despite any such "reminder." The record clearly indicates that the trial court made an independent determination that Roby's conduct justified the maximum prison term in this case. That is, before imposing the sentence, the

trial court commented that this was a "complex case with complex issues [and] limited resources" and that there was "no other way" to address Roby's longstanding addiction but to impose the maximum sentence. The court added that it doubted that "community control would be effective" given that "the recidivism factors are very high in this particular case." There is no reason to believe that the trial court would have changed its mind if the state had "reminded" the court, at the conclusion of the hearing, that it was not recommending a prison term. Indeed, even if we assume that the trial court was under the misimpression that the state was recommending a prison term of 18 months, it *rejected* that recommendation by imposing the maximum sentences of 12 and 36 months, respectively.

{¶ 19} In sum, Roby's sole argument on appeal—i.e., that he would have been sentenced differently had the prosecutor reminded the trial court of the terms of the parties' agreement—is pure speculation. It is well-established that speculation does not suffice to demonstrate plain error. *See State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 108 (Finding no plain error when the accused's claim "is totally speculative"); *State v. Sanders*, 92 Ohio St.3d 245, 265, 750 N.E.2d 90 (2001) (finding no plain error because defendant's claim "rests wholly on speculation" and "it is not clear that the outcome would have been otherwise but for the error"). For all of these reasons, we find that the state's failure to remind the trial court that it was not recommending prison did not constitute plain error.

8.

## Conclusion

{¶ 20} The situation presented in this case does not require the recognition of plain error as there is no indication the trial court would have sentenced Roby differently had the state reminded the court of the terms of the plea agreement.  Furthermore, this case does not present exceptional circumstances or indications of a manifest miscarriage of justice, which must also exist before a court chooses to exercise its discretion to recognize plain error.  Therefore, we find Roby's assignment of error not well-taken.  We affirm the trial court's June 17, 2021 judgments.  Roby is ordered to pay the costs of the appeals.  It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.