[Cite as *State v. Vasquez*, 2024-Ohio-2496.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals Nos. S-23-020
                                                                         S-23-021
                 Appellee
                                                 Trial Court Nos.  22 CR 819
                                                                   22 CR 672
v.

Octavio Vasquez                                  **DECISION AND JUDGMENT**

                 Appellant                       Decided:  June 28, 2024

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Catherine R. Meehan, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant, Octavio Vasquez, appeals the

Sandusky County Court of Common Pleas' June 7, 2023 judgment entries sentencing him

to a 25-year prison sentence following guilty pleas to trafficking in cocaine and sexual

battery. Vasquez entered a plea agreement that he contends the State of Ohio breached

when it recommended a 25-year sentence instead of a 15-year sentence.  Because the

State's breach of the plea agreement was plain error, the judgments are reversed and the matter is remanded for resentencing.

## I. Facts and Procedural Background

{¶ 2} Vasquez was charged by two indictments filed on August 19 and September 12, 2022. In case No. 22 CR 672, Vasquez was charged with trafficking in drugs and possession of drugs, with multiple specifications, and child endangering. In case No. 22 CR 819, he was charged with five counts of rape and five counts of sexual battery. Vasquez pleaded not guilty to all the charges.

{¶ 3} Vasquez and the State reached a plea agreement which was recited at the April 4, 2023 plea hearing:

> As to the case captioned 22 CR 672, it is the State's understanding the Defendant will be withdrawing his formally entered not guilty plea; entering a plea of guilty to the crime of trafficking in drugs in Count 1 under the Indictment, a violation of Revised Code Section 2925.03(A)(2) and (C)(4)(g) a felony of the first degree. There will be a P.S.I. prior to sentencing, and in exchange for the Defendant's plea of guilty and forfeiture of the specifications in the Indictment . . . [t]he State shall nolle the Major Drug Offender Specification in Count 1, nolle Counts 2 and 3 and reserve recommendation until the time of sentencing.
>
> Further, the State shall offer the co-Defendant two felony of the third degree offenses in exchange for her plea of guilty to the same.
>
> . . .

2.

And, Your Honor, as it relates to Case Number 22 CR 819, Defendant will be withdrawing his previously entered not guilty pleas. He will be pleading guilty to Counts 6 through 10, all counts being sexual battery, all counts being in violation of Ohio Revised Code 2907.03(A)(5).

Defendant's been made aware of all of the potential penalties associated with five felonies of the third degree. He understands that upon sentencing he will also be classified as a Tier III sex offender, which is subject to community notification.

Your Honor, as part of the Plea Agreement in that case, the parties are agreeing (inaudible) for a total 15-year prison term between this case and case Number 22 CR 672.

{¶ 4} In case No. 22 CR 672, prior to accepting Vasquez's plea the trial court informed him that the plea would result in a conviction and that he could be immediately sentenced. The court then informed Vasquez of the mandatory minimum and maximum terms and the sentencing range. The court informed Vasquez that it was not bound by the State's sentencing recommendation in the plea agreement.

{¶ 5} The court informed Vasquez of the constitutional rights that his guilty plea waived including the presumption of innocence, right to a jury or court trial, right to present evidence, subpoena and confront witnesses, the right to require the State to prove guilt beyond a reasonable doubt, and the right to remain silent.

{¶ 6} The State then recited the facts that it intended to prove had the case proceeded to trial. On August 3, 2022, in Fremont, Sandusky County, Ohio, Vasquez

3.

knowingly prepared for shipment or distribution 1,444.31 grams of cocaine, a controlled substance intended for sale by Vasquez or another person. Executing a search warrant at his residence, police located cocaine and cash in a large safe as well as scales and other evidence of drug trafficking.

{¶ 7} Vasquez signed the written plea form which relevantly provided that, in addition to entering a guilty plea, he would forfeit cash and multiple vehicles. In exchange, that the State would "nolle the major drug offender specification in Count 1, nolle Counts 2 and 3 and reserve recommendation until the time of sentencing."

{¶ 8} Turning to case No. 22 CR 819, the trial court reviewed Vasquez's waiver of constitutional rights and nonconstitutional rights, explaining the minimum and maximum sentences, sex offender classification and notification. It specifically informed him that a guilty plea is a complete admission of guilt. The signed plea form further provided that in exchange for his plea, the state agreed to "dismiss the remaining counts at sentencing. The State of Ohio agrees to argue for a 15-year prison term between the instant case and Case Number 22 CR 672."

{¶ 9} The State recited the following facts supporting the charges. Vasquez had been the victim's stepparent from a very young age. After her mother and Vasquez divorced, the victim remained in Vasquez's home. From June 2017 through April 2019, Vasquez and the victim, then a teenager, engaged in sexual activity. Vasquez gave the victim her mother's wedding ring and he expressed that he wanted to have a child with her. The victim stated that she engaged in sexual conduct because she was afraid of Vasquez and what he would do to her or her siblings if she refused.

4.

**{¶ 10}** At the June 6, 2023 sentencing hearing, in case No. 22 CR 672, the state represented that "there were no sentencing agreements as it related to th[e] case" and that it sought a "10 year prison term as it relates to th[e] case" to be served consecutively to case No. 22 CR 819.

**{¶ 11}** In case No. 22 CR 819, the victim gave a statement. The State then indicated: "He knew that we were arguing for 15 years on this case, and we're asking that to be, as I previously argued, consecutive to the 10.

**{¶ 12}** Vasquez's counsel then stated:

I would ask the Court to consider, as was discussed in the pretrial negotiations, a concurrent sentencing perimeter here; that a concurrent sentence with these length of sentences (sic) adequately punish the Defendant and don't demean justice or the nature of these offenses but, as always, we leave it to the sound discretion of the Court.

**{¶ 13}** In sentencing Vasquez, the trial court stated that it reviewed the Pre-Sentence Investigation, does note that there is an OARS score of 24, which indicates a high likelihood of the Defendant re-offending in the future.

The Court will also note that there is – or are, rather, misdemeanor offenses the Defendant has been convicted of. There is a felony conviction out of this court from March of 2004, trafficking in marijuana, a felony in the fourth degree, and that is the only felony conviction that the Defendant has.

5.

The Court has also considered the statements of – and this is pertaining to the 672 case, the statements of the attorneys.

{¶ 14} The trial court then sentenced Vasquez to a 25-year consecutive sentence on all counts finding that such sentences were necessary to protect the public and punish Vasquez and that the sentences were not disproportionate to the seriousness of his conduct or the danger he poses to the public. The court further found that at least two of the multiple offenses were committed as part of a course of conduct and that the harm was so great or unusual that no single prison term adequately reflected Vasquez's conduct.

{¶ 15} This appeal followed.

## II. Assignments of Error

{¶ 16} Vasquez raises two assignments of error on appeal:

Assignment of Error 1: The trial court erred in accepting appellant's guilty plea after failing to notify appellant of the effect of his guilty plea during the Crim.R. 11 plea colloquy.

Assignment of Error 2: It was plain error when, without objection, the state violated the terms of appellant's plea agreement when it asked for 25 years of incarceration as opposed to 15 years as stated in the plea agreement.

### III. Analysis

### A. Crim.R. 11 Plea Hearing

{¶ 17} In Vasquez's first assignment of error, he argues that the trial court failed to inform him of the effect of his guilty plea in case No. 22 CR 672. The State counters that the trial court substantially complied with the Crim.R. 11 nonconstitutional notifications.

{¶ 18} It is well-settled that a guilty plea must be made knowingly, intelligently, and voluntarily to be valid under the United States and Ohio Constitutions. *State v. Whitman*, 2021-Ohio-4510, ¶ 14 (6th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To ensure the validity of a plea, a trial court is required to "'engage a defendant in a plea colloquy pursuant to Crim.R. 11.'" *Id.*, quoting *State v. Petronzio*, 2021-Ohio-2041, ¶ 5 (8th Dist.).

{¶ 19} Specifically, prior to accepting a guilty plea, in explaining constitutional rights, a trial court must strictly comply with Crim.R. 11(C), with a failure to do so resulting in an invalid plea, presumed to be neither knowing nor voluntary. *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31; *State v. Veney*, 2008-Ohio-5200, syllabus. However, a trial court need only substantially comply with Crim.R. 11(C) in explaining nonconstitutional rights. *State v. Ragusa*, 2016-Ohio-3373, ¶ 4 (6th Dist.), citing *Clark* at ¶ 31-32. Examining the totality of the circumstances, if a defendant "subjectively understands the implications of his plea and the rights he is waiving[,]" a trial court may be determined as having substantially complied with Crim.R. 11(C). *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

7.

{¶ 20} A trial court's failure to inform a defendant of the effect of a guilty plea under Crim.R. 11(C)(2) and 11(B), provides a narrow exception to the nonconstitutional, substantial compliance standard. *State v. Willis*, 2019-Ohio-1182, ¶ 16 (6th Dist.), citing *State v. Griggs*, 2004-Ohio-4415, ¶ 14. This is so because a guilty plea is a complete admission of guilt. *Id.* Thus, absent a prior assertion of actual innocence, a court's failure to inform a defendant of the effect of his guilty plea under Crim.R. 11 is presumed not to be prejudicial. *Id.*, quoting *Griggs* at ¶ 19.

{¶ 21} In this case, Vasquez does not suggest that had the court recited the proper language he would not have entered the plea and at no time during the plea proceedings did Vasquez claim his innocence. Further, the court specifically informed Vasquez that his guilty plea nullified the presumption of innocence and that he could be immediately sentenced. He is presumed, therefore, to have understood that his plea of guilty was a complete admission of guilt and to have suffered no prejudice. *Griggs* at syllabus.

{¶ 22} Under these facts, the trial court's error in failing to advise Vasquez at the plea hearing that the effect of his guilty plea would be a complete admission of guilt is harmless. Vasquez's first assignment of error is not well-taken.

## B. The Plea Agreement

{¶ 23} Vasquez's second assignment of error argues that the State committed plain error when it violated the terms of the plea agreement by asking that he be sentenced to a consecutive sentence of 25 years of incarceration. The State asserts that because the court used its own discretion in sentencing Vasquez, there was no plain error.

8.

**{¶ 24}** A plea agreement is considered a contract between the State and a criminal defendant and is subject to general contract law. *State v. Watkins*, 2016-Ohio-5756, ¶ 8 (6th Dist.), quoting *State v. Liskany*, 2011-Ohio-4456, ¶ 190 (2d Dist.). Accordingly, if one side breaches the agreement the other side is entitled to either rescission or specific performance of the plea agreement. *State v. Walker*, 2006-Ohio-2929, ¶ 13 (6th Dist.), citing *Santobello v. New York*, 404 U.S. 257 (1971). *See State v. Fenderson*, 2015-Ohio-565, ¶ 20-21 (6th Dist.) (Where specific performance was a viable option, the court ordered a remand for resentencing.)

**{¶ 25}** Where, however, a defendant fails to object to the State's breach of the plea agreement, the alleged error is forfeited, and an appellate court reviews for plain error only. *State v. Hansen*, 2012-Ohio-4574, ¶ 15 (7th Dist.), citing *Puckett v. U.S.*, 556 U.S. 129 (2009). Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. *State v. Roby*, 2022-Ohio-223, ¶ 19 (6th Dist.), citing *State v. Sanders*, 92 Ohio St.3d 245, 265. The Ohio Supreme Court has cautioned courts to notice plain error "under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 2015-Ohio-2459, ¶ 23.

**{¶ 26}** Reviewing the plea hearing, signed plea forms, and the sentencing hearing the State violated the terms of the plea agreement. The State agreed that in exchange for Vasquez's pleas, it would recommend a 15-year total prison term. At sentencing, the

9.

State recommended a consecutive sentence totaling 25 years. Because Vasquez failed to object at sentencing, the court is limited to a plain error review.

{¶ 27} The State asserts no plain error exists due to the speculative nature of whether the outcome of the proceedings would have been different absent the State's breach. It cites two cases from this court in support. In *Roby*, 2022-Ohio-223 (6th Dist.), in exchange for Roby's guilty plea to possession of drugs and illegal conveyance the State agreed to recommend a sentencing cap of 18 months if prison was imposed. *Id.* at ¶ 4. At sentencing, the State indicated that as to the illegal conveyance charge it agreed to recommend a cap of 18 months of imprisonment but that no other promises had been made. *Id.* at ¶ 8. Roby was then sentenced to a concurrent sentence of 36 months in prison for illegal conveyance and 12 months for possession. *Id.* at ¶ 9. After sentencing Roby, the trial court noted "for the record" that the charge carried a presumption neither for or against prison but that the State was recommending an 18-month prison term. *Id.* at ¶ 14.

{¶ 28} On appeal, Roby argued that the State's failure to remind the court that it was not recommending a prison sentence was plain error. This court initially determined that the State did not breach the plea agreement because there was no obligation for it to correct the court's statement made after sentencing. *Id.* at ¶ 16. The court further noted that based on the court's statements at sentencing, there was no indication that had the State reminded the trial court of its recommendation, that the outcome of the case would have been different. *Id.* at ¶ 17.

10.

{¶ 29} In *State v. Flowers*, 2021-Ohio-2966 (6th Dist.), Flowers was charged with eight counts of counterfeiting, fourth degree felonies. *Id.* at ¶ 2. At the plea hearing, Flowers pleaded guilty to four counts of counterfeiting; the written plea agreements indicated that in exchange for the plea, the State agreed to dismiss the remaining four counts and recommend community control. *Id.* at ¶ 3. At sentencing, the State requested that Flowers be subject to a "sanction" based on her lack of remorse. Flowers was then sentenced to concurrent 12-month sentences.

{¶ 30} On appeal, Flowers argued that the State's failure to recommend community control at sentencing breached the plea agreement. Though the court agreed that the State's request for a sanction was not commensurate with requesting community control, it found no plain error where the State dismissed several of the counts in exchange for her plea and the court specifically noted and rejected the presumption in favor of community control. *Id.* at ¶ 16-17.

{¶ 31} On review, both cases are distinguishable. In *Roby*, the court found that the plea agreement was not breached. In *Flowers*, though the State breached the agreement, the court found no plain error because the recommendation was not a significant part of the plea agreement.

{¶ 32} Arguing that the breach was plain error, Vasquez relies on two cases. In *State v. Adams*, 2014-Ohio-724 (7th Dist.), the State agreed to make no recommendation and remain silent at sentencing in exchange for Adams' *Alford* plea. *Id.* at ¶ 4. At sentencing, however, the State, represented by a different prosecutor, asked the court to impose a maximum eight-year sentence. *Id.* at ¶ 6. Finding plain error, the court

11.

reasoned that the difference between making no recommendation to requesting a maximum sentence was great and although

> it is difficult to affirmatively show that the sentence would have been different had the prosecutor fulfilled the state's promise to stand silent. Yet, it is also impossible to say, under the facts and circumstances of this case, that the state's pressing for a maximum eight-year sentence did not contribute to the trial court decision to impose six years.

*Id.* at ¶ 34.

{¶ 33} In *State v. Thompson*, 2004-Ohio-2413 (4th Dist.), the court found that the State breached the plea agreement by failing to recommend a two-year sentence at the sentencing hearing. *Id.* at ¶ 16.

{¶ 34} Reviewing the above case law and present facts, the State's promise to recommend a concurrent sentence totaling 15 years was an integral part of the plea agreement and that the State's 25-year, consecutive recommendation significantly deviated from that agreement. Additionally, the court sentenced Vasquez to a 25-year sentence. As in *Adams*, it cannot be said that the State's recommendation did not contribute to the trial court's sentence.

{¶ 35} In the present case, a remand to the trial court for resentencing is an appropriate remedy. *Walker*, 2006-Ohio-2929, at ¶ 13 (6th Dist.); *Fenderson*, 2015-Ohio-565, at ¶ 20-21 (6th Dist.). Vasquez's second assignment of error is well-taken.

12.

## IV. Conclusion

{¶ 36} Based on the foregoing, the June 7, 2023 judgments of the Sandusky County Court of Common Pleas are reversed, Vasquez's sentence is vacated, and the matter is remanded for a new sentencing hearing where the State shall comply with the terms of the plea agreement.  Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed,
vacated, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR

_____
JUDGE

Gene A. Zmuda, J.
DISSENTS, AND WRITES
SEPARATELY

**ZMUDA, J., dissenting**

{¶ 37} While I agree that the state breached the plea agreement by recommending a 25-year aggregate prison sentence instead of the 15-year sentence contained within the plea agreement, I disagree that this breach resulted in plain error. Therefore, I dissent, as I would affirm the judgment.

13.

{¶ 38} Vasquez entered his guilty plea with the agreement that the state would recommend a 15-year aggregate sentence in his two cases. At the plea hearing, the trial court noted this agreement, but also ensured that Vasquez understood the court was not bound by the parties' agreement and could impose a greater sentence than the recommended sentence, and therefore did not specifically accept an agreed upon sentence. With this understanding demonstrated on the record, Vasquez proceeded with his plea. At the sentencing hearing, the state breached its sentencing agreement by recommending a 25-year aggregate sentence.

{¶ 39} It is well-settled law that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). As remedy, where the prosecutor breaches the plea agreement, courts may permit the defendant to withdraw the plea or order specific performance of the plea agreement, with a new sentencing hearing before a different judge. *Id.* at 263. The agreement of the prosecutor regarding a recommended sentence, however, does not bind the trial court "when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." *State ex rel. Duran v. Kelsey,* 2005-Ohio-3674, ¶ 6, quoting *State v. Buchanan,* 2003-Ohio-4772, ¶ 13 (5th Dist.).

{¶ 40} Here, the record clearly demonstrated that the trial court ensured that Vasquez understood the prosecutor's recommendation was not binding on the trial court and a greater sentence was a possibility, prior to accepting the plea. At the sentencing

14.

hearing, the state recommended a 25-year aggregate sentence by asking the trial court to run the sentences in Vasquez's two cases consecutively.  Specifically, the state requested:

> Your Honor, we ask that he remain locked up. He knew that we were arguing for 15 years on this case, and we're asking that to be, as I previously argued, consecutive to the 10.

{¶ 41} Vasquez's trial counsel did not note any deviation by the prosecutor from the plea agreement and instead referenced the concurrent sentence discussed in "pretrial negotiations," and asked for concurrent sentences while acknowledging, "[A]s always, we leave it to the sound discretion of the Court."

{¶ 42} The trial court imposed a definite sentence of 10-to-15 years as to the first case and ordered forfeiture of property. The trial court then imposed an aggregate prison term of 15 years in the second case and, after making the statutorily required findings under R.C. 2929.14(C)(4), ordered Vasquez's sentences in each case to be served consecutively to the other. Vasqeuz did not object to the sentence, or to the prosecutor's recommendation of consecutive sentences as a breach of the plea agreement. Therefore, we are limited to plain error review on appeal.

{¶ 43} Considering the record, the state clearly breached the plea agreement, contrary to well-settled law that requires promises be fulfilled. *See Santobello* at 262. Nothing in this dissent is intended to minimize or condone the state's conduct. Plain error analysis, however, requires consideration of more than the breach. We must also find that, but for the error, the outcome of the proceedings would have been different. *State v. Barnes,* 94 Ohio St.3d 21, 27 (2002). In finding plain error, the majority found our

15.

precedent in *State v. Flowers,* 2021-Ohio-2966 (6th Dist.) and *State v. Roby,* 2022-Ohio-223 (6th Dist.), as cited by the state, distinguishable. I disagree.

{¶ 44} The facts in *Flowers* and *Roby* may differ, but the analysis in each case included both consideration of a breach followed by analysis of the effect of that error, if any. Thus, the prosecutor's breach of the plea agreement is but one consideration in determining the existence of plain error, requiring reversal.

{¶ 45} In *Flowers,* we found the breach of the plea agreement, by failing to recommend a community control sanction, did not affect the outcome because the trial court made its own assessment of factors supporting the sentence, on the record. *Flowers* at ¶ 17. We noted that, "[e]ven without the prosecutors' recommendation, prior to imposing the sentence, the trial judge commented that there was a presumption in favor of community control and then, after considering appellant's record and the particular facts of the case, the judge decided that prison was appropriate nonetheless." *Id.*

{¶ 46} In *Roby,* we addressed the prosecutor's failure to correct the trial court's incorrect statement that the prosecutor recommended a prison sentence, when in fact the prosecutor did not recommend a prison sentence but only asked that any prison sentence the trial court might impose be capped at 18 months. *Roby* at ¶ 16. We found no breach of the plea agreement, as the state had no duty to correct the trial court's statement, made after imposition of sentence. *Id.* We further noted that the prosecutor's failure to clarify did not determine the outcome, as the record showed "the trial court made an independent determination that Roby's conduct justified the maximum prison term in this case." *Id.* at ¶ 18.

16.

{¶ 47} In this case, the majority determined the breach of the plea agreement resulted in plain error without addressing whether the trial court's independent determination regarding the sentences, as demonstrated in the record, minimized any effect on the outcome of proceedings.

{¶ 48} The transcript of sentencing demonstrates that the trial court considered the presentence investigation report, which demonstrated Vasquez's failure to take responsibility for the drug offenses or appreciate the harm caused by the sexual battery offenses, perpetrated against his stepdaughter. Furthermore, the victim provided an impact statement at sentencing, describing "years of hurt and pain" and her feelings of brokenness and shame, stating Vasquez hurt her "in the worst way possible."

{¶ 49} The trial court noted the following regarding the drug case, prior to imposing sentence:

> The Court has reviewed the Pre-sentence Investigation, does … note that there is an ORAS score of 24, which indicates a high likelihood of the Defendant re-offending in the future.
>
> The Court also will note that there is – or are, rather, misdemeanor offenses that the Defendant has been convicted of. There is a felony conviction out of this court from March of 2004, trafficking in marijuana, a felony in the fourth degree, and that is the only felony conviction that the Defendant has.

The trial court imposed a 10-to-15-year prison term for the drug case.

{¶ 50} The trial court then imposed a 15-year aggregate prison term as to the five counts of sexual battery in the second case, and after considering the factors under R.C. 2929.14(C)(4), ordered the sentences in each case to be served consecutively to the other. The trial court further explained the sentence, stating:

17.

I don't think the Defendant in any way appreciates how his conduct has affected the young lady and the victim in this case. I think you're dismissive about your actions. You take no responsibility for it. I don't find it to be sincere whatsoever, and the pain that you've probably caused this young lady in taking advantage of is just really unspeakable, and, quite frankly, disgusting. You should be same—you should be ashamed. Your family should be ashamed for you.

{¶ 51} Considering the trial court's independent consideration, as stated on the record, I would find the full plain-error analysis, as applied in *Flowers* and *Roby,* requires affirming the judgment, because the prosecutor's breach did not determine the outcome in this case. While the breach of the plea agreement is an obvious error, the record does not demonstrate that this breach affected the outcome of the proceedings, considering the trial court's independent determination concerning the sentence imposed. Vasquez, moreover, understood the trial court could impose such a sentence despite the prosecutor's promise to recommend a lesser sentence.

{¶ 52} "A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Roby* at ¶ 12, citing *State v. Barnes*, 94 Ohio St.3d at 27. Because I do not find the prosecutor's breach of the plea agreement seriously affected the outcome of the proceedings, based on the trial court's independent determination of the sentence imposed, I would affirm the conviction. Accordingly, I respectfully dissent.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

18.