[Cite as *State v. Coker*, 2025-Ohio-2656.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-22-054

     Appellee                                     Trial Court No.  21 CR 180

v.

Stephen Coker, Jr.                                **DECISION AND JUDGMENT**

     Appellant                                    Decided: July 29, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David T. Harold, Chief Assistant Prosecuting Attorney, and,
James A. Hoppenjans, for appellee.

Felice Harris and Kathleen Evans, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} This matter is before the court on remand from the Supreme Court of Ohio

following the court's reversal of our decision in *State v. Coker*, 2023-Ohio-4339 (6th

Dist.).  *See State v. Coker*, 2025-Ohio-2051.  The Supreme Court of Ohio's judgment

orders that the court rule on Coker's two remaining assignments of error presented in his

direct appeal.

## I. Facts and Procedural History

{¶ 2} An overview of the facts is as follows. Coker was indicted on three counts of rape involving his wife, S.O. *Coker*, 2025-Ohio-2051, at ¶ 6. The matter proceeded to a jury trial where S.O. testified regarding "date nights" where she and Coker engaged in consensual and nonconsensual sexual activity. *Id.* at ¶ 7. The jury convicted Coker on all three counts. *Id.* at ¶ 8. On direct appeal, this court reversed Coker's convictions finding insufficient evidence of sexual conduct during the periods charged in the indictment. *Id.* at ¶ 9. The Supreme Court of Ohio reversed finding that jury could have reasonably inferred that S.O.'s use of the term "have sex," and similar, meant vaginal intercourse and penetration. *Id.* at ¶ 26.

{¶ 3} Additional case history and facts are detailed in our prior decision and will be referenced only when necessary.

## II. Assignments of Error

{¶ 4} Coker's remaining assignments of error are as follows:

Second Assignment of Error: Stephen Coker was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

Third Assignment of Error: Stephen Coker was denied his constitutional rights to due process and a fair trial when the State engaged in prosecutorial misconduct.

2.

## III. Analysis

## A. Reagan Tokes Law

{¶ 5} In Coker's second assignment of error, he argues that trial counsel ineffectively failed to challenge the Reagan Tokes Law, specifically R.C. 2967.271, as violative of the separation-of-powers doctrine and on due process grounds.

{¶ 6} To prevail on an ineffective assistance of counsel claim, Coker must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). That is, Coker must show (1) "that his counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

{¶ 7} In *State v. Hacker*, 2023-Ohio-2535, the Supreme Court of Ohio rejected facial constitutional challenges to the Regan Tokes Law, including those raised by Coker. As to the separation-of-powers doctrine, the court determined that the Ohio Department of Rehabilitation and Correction's (DRC) ability to rebut the minimum prison term presumption was not in excess of its authority and did not impinge on the trial court's sentencing discretion. *Id.* at ¶ 25. The court also determined that the law did not violate an offender's due process rights. Under the void-for-vagueness doctrine, the court concluded that the DRC's discretion to extend incarceration beyond the minimum term did not demonstrate a facial challenge to the law, only that it may be vague as applied. *Id.* at ¶ 34. The court further determined that the law did not impinge on an offender's

3.

procedural due process rights because a hearing is provided before the DRC maintains his incarceration. *Id.* at ¶ 39.

{¶ 8} Both prior to and following *Hacker*, this court has consistently rejected constitutional challenges to the Reagan Tokes Law. *See State v. Maddox,* 2022-Ohio-1350, ¶ 7 (6th Dist.); *State v. Stenson*, 2022-Ohio-2072, ¶ 35 (6th Dist.); *State v. Fenderson*, 2023-Ohio-2903, ¶ 62 (6th Dist.). Had Coker preserved the issue in the trial court on review, his claims would have been found meritless, thus, counsel was not ineffective. Coker's second assignment of error is not well-taken.

## B. Prosecutorial Misconduct

{¶ 9} Coker's third assignment of error claims prosecutorial misconduct in comments made by the State during opening and closing arguments. "'The two-fold test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and whether it prejudicially affected the substantial rights of the defendant.'" *State v. Carswell*, 2023-Ohio-4574, ¶ 42, (6th Dist.), quoting *State v. Holbrook*, 2015-Ohio-4780, ¶ 32 (6th Dist.), citing *State v. Lott*, 51 Ohio St.3d 160, 165 (1990). "'Important considerations are whether the misconduct was an isolated incident or a protracted series of improper arguments, whether the defendant objected, whether curative instructions were given, and whether the evidence of guilt was overwhelming.'" *State v. Norales-Martinez*, 2018-Ohio-4356, ¶ 32 (6th Dist.), quoting *State v. Oviedo*, 1997 WL 525087, *2 (6th Dist. Aug. 15, 1997).

{¶ 10} Coker first claims that the trial court abused its discretion in denying his motion for a mistrial based on the unduly prejudicial and outcome determinative

4.

comments made by the State during its opening arguments. Specifically, the prosecutor's comments relating to three prior instances of sexual abuse against S.O. which provide:

> And [S.O.] is going to tell you about her history, painful history, how she was sexually abused by her biological father when she was a young girl, how she was raped by three men when she was sixteen, and how she already survived one sexually abusive marriage prior to meeting the defendant.

The next morning defense counsel moved for a mistrial or dismissal contending that the prejudicial statements were barred by the Rape Shield Law and were elicited to gain sympathy for S.O. The State countered that the statements evidence S.O.'s state of mind and reason for staying in an abusive relationship. The court ultimately denied the motion but prohibited the introduction of any testimony as to unrelated prior sexual assault or violence against S.O.

{¶ 11} A trial court's decision denying a mistrial is reviewed under an abuse of discretion standard. *State v. Durst*, 2020-Ohio-607, ¶ 46 (6th Dist.); *State v. Sage*, 31 Ohio St.3d 173, 182 (1987). Mistrials should be granted "only when justice requires and a fair trial is no longer possible." *State v. Madison*, 2020-Ohio-3735, ¶ 196, citing *State v. Cepec*, 2016-Ohio-8076, ¶ 89.

{¶ 12} When the motion for a mistrial alleges prosecutorial misconduct, "'a reviewing court must undertake a due process analysis to determine whether the conduct of the prosecutor deprived the defendant of his or her due process right to a fair trial.'" *State v. Gomez*, 2019-Ohio-576, ¶ 59 (6th Dist.), quoting *State v. Saunders*, 98 Ohio App.3d 355, 358 (6th Dist.1994).

5.

{¶ 13} Reviewing the statements at issue, the prior instances in no way relate to Coker and evidenced the State's attempt to explain S.O.'s state of mind as a reason for staying in an abusive relationship. Notably, following the statement the parties discussed, at length, whether the State would be permitted to introduce evidence of prior sexual abuse to explain S.O.'s state of mind. Even if this court agrees that the statements were improper, Coker has failed to demonstrate that he was denied a fair trial, thus, the trial court did not abuse its discretion by denying Coker's motion.

{¶ 14} Coker next contends that the State's improper comments during closing arguments rose to the level of plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different." *State v. Vasquez*, 2024-Ohio-2496, ¶ 25 (6th Dist.), citing *State v. Roby*, 2022-Ohio-223, ¶ 19 (6th Dist.). The Supreme Court of Ohio has cautioned that "[p]lain error should be noticed only 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Echols*, 2024-Ohio-5088, ¶ 50, quoting *State v. Clayton*, 62 Ohio St.2d 45, 47 (1980).

{¶ 15} A prosecutor is given considerable latitude during closing arguments, *State v. Boles*, 2009-Ohio-512, ¶ 47 (6th Dist.), citing *State v. Ballew*, 76 Ohio St.3d 244 (1996), and may "comment freely on 'what the evidence has shown and what reasonable inferences may be drawn therefrom.'" *Id.*, quoting *Lott*, 51 Ohio St.3d at 165. A prosecutor "must 'avoid insinuations and assertions which are calculated to mislead the

6.

jury,' must not 'express his personal belief or opinion . . . as to the guilt of the accused' and cannot 'allude to matters which will not be supported by admissible evidence.'" *State v. Steed*, 2016-Ohio-8088, ¶ 48 (6th Dist.), quoting *State v. Smith*, 14 Ohio St.3d 13, 14 (1984).

{¶ 16} During his rebuttal argument, the prosecutor stated:

> Not a single lie. Not one. . . . Going through all of her statements. Not a single lie he could point out to you, not one. . . . Now [S.O.] sat up here practically all day. Defense has had two years on this case to find one single inconsistency in her story and they didn't do it.
> You know why? Because the truth does not change. She was telling the truth.

{¶ 17} Immediately preceding the State's rebuttal, defense counsel's closing argument emphasized that S.O. "could not keep her stories straight. She had several different stories, several different variations. She couldn't keep her own details straight." Counsel concluded: "Because at the end of the day truth doesn't change, [S.O.]'s story will."

{¶ 18} Reviewing the State's comments, they were made directly in response to defense counsel's claims that S.O. lied and were not improper. *See State v. McAlpin*, 2022-Ohio-1567, ¶ 183-185; *State v. Hopkins*, 2018-Ohio-1864, ¶ 99 (2d Dist.); *State v. Carter*, 2017-Ohio-1328, ¶ 13 (1st Dist.). Additionally, the trial court instructed the jury that counsels' opening statements and closing arguments are not evidence. It is presumed that the jury followed the court's instructions. *State v. Nicholson*, 2024-Ohio-604, ¶ 199.

{¶ 19} Accordingly, Coker was not denied a fair trial due to prosecutorial misconduct. Coker's third assignment of error is not well-taken.

7.

## IV. Conclusion

{¶ 20} The judgment of the Wood County Court of Common Pleas is affirmed. Coker's motion for release on bond pending appeal is moot. Pursuant to App.R. 24, Coker is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.